UNITED STATES, Appellee,

v.

Staff Sergeant Robert L. ADAMS, Jr., 439–94–6829, United States Army, Appellant.

SPCM 20649.

U.S. Army Court of Military Review.

21 March 1985.

Captain Karen S. Davis, JAGC, argued the cause for appellant. With her on the brief were Lieutenant Colonel Arthur L. Hunt, JAGC, Major Stephen R. Dooley, JAGC, and Captain Alan D. Groesbeck, JAGC.

Captain Andrew D. Stewart, JAGC, argued the cause for appellee. With him on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Captain Robert C. Erickson, Jr., JAGC, and Captain Diana Moore, JAGC.

Before SUTER, RABY, and NAUGHTON Appellate Military Judges.

## OPINION OF THE COURT

SUTER, Chief Judge.

Contrary to his pleas, appellant was convicted on 22 March 1984 by a special court-martial composed of officer and enlisted members of two specifications alleging transgression of a lawful general regula-tion in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 (1982) [hereinafter cited as UCMJ].

The appellant submits several assignments of error, four of which warrant consideration. First, he alleges that the evidence is insufficient to prove guilt. Second, he asserts that the specifications of the charge fail to state offenses because the definition of "fraternization" contained in Fort Jackson Regulation 600–5 is unconstitutionally vague and overbroad. Third, he claims that his alleged conduct was protected by his constitutional right to privacy. Fourth, he avers that the military judge failed to instruct the court members properly.

Appellant was a noncommissioned officer responsible for training at Fort Jackson, South Carolina. One of his trainee subordinates was Private E-1 G. A civilian at the time of trial, Ms. G testified that while she was a trainee she and appellant socialized, kissed, and embraced (Specification 1) and, among other things, socialized, kissed, and had sexual intercourse (Specification 2). Her testimony was, in part, confusing, self-contradictory, and uncertain. She admitted having sexual fantasies about appellant and lying both before and during trial about facts material to the case. She had emotional problems and had recently been under psychiatric care. Several witnesses testified that Ms. G had a poor reputation for truthfulness.

The appellant denied the essential parts of Ms. G's testimony. The government's efforts to corroborate Ms. G's testimony were pale in significance.

■ We have carefully considered appellant's allegation that the evidence is insufficient to establish his guilt of either specification of the charge. This Court is fully aware that in considering the record of trial, weighing the evidence, judging the credibility of witnesses, and determining controverted questions of fact, we must recognize that the trial court saw and heard the witnesses. Article 66(c), UCMJ. While we find the evidence sufficient to affirm the appellant's conviction of Specifi-

cation 1 of the Charge, a majority of the Court finds the evidence insufficient as to Specification 2 of the Charge.

■ Appellant's contention that Fort Jackson Regulation 600–5 is unconstitutionally vague and overbroad is without merit. The regulation is clearly written and easily understood. It promotes the legitimate military purpose of ensuring that military personnel in a training environment behave in a manner that supports discipline, obedience, and the accomplishment of the military mission.

■ Appellant submits that his alleged misconduct with a female trainee subordinate is protected by his right to privacy. This allegation is patently fallacious. A compelling state interest, such as the fundamental necessity for discipline within the military, justifies governmental regulation limiting the right to privacy. This Court has previously held that "sexual liaisons [between superiors and] subordinates are fatal to discipline within any organization." *United States v. McFarlin*, 19 M.J. 790, 792 (ACMR 1985); *cf. Dronenburg v. Zech*, 741 F.2d 1388 (D.C.Cir.1984).

Lastly, appellant alleges that the military judge should have instructed the court members concerning their consideration of Ms. *G*'s accomplice testimony. Paragraph 74*a* (2), Manual for Courts-Martial, United States, 1969 (Revised edition) [hereinafter cited as MCM], provides that:

[A] conviction cannot be based upon the uncorroborated testimony given by an accomplice ... if the testimony is self-contradictory, uncertain, or improbable. Even if apparently corroborated and apparently credible, testimony of an accomplice which is adverse to the accused is of questionable integrity and is to be considered with great caution. When appropriate, the above consideration should, upon a request by the defense, be included in the general instructions of the military judge.

Ms. *G*, a service member at the time of the alleged offenses, could be characterized as a victim in this case because Fort Jackson Regulation 600–5 proscribes certain activities between permanent party members and trainees that would not be offensive if they occurred between other individuals. The regulatory proscription is premised on the tender age, military naivete, and overall vulnerability of trainees, as well as the requirement to maintain an atmosphere of impartiality toward trainees. Regardless of the underlying rationale for the proscription, a literal reading of the regulation does not reveal any distinction in culpability among those who violate it. In other words, when a trainee has sexual intercourse with a permanent party member, both violate the regulation. Thus, in this case, if the alleged offenses occurred, Ms. *G* was an accomplice. Her subsequent separation from the service and nonamenability to the UCMJ at the time of trial did not remove her accomplice mantle. *See United States v. Scoles*, 14 U.S.C.M.A. 14, 33 C.M.R. 226 (1963).

The court members could reasonably have found Ms. *G*'s testimony to be uncorroborated and "self-contradictory, uncertain or improbable." Paragraph 74*a* (2), MCM, requires that in such a case the members should, "upon a request by the defense," be instructed concerning accomplice testimony. Here, no such instruction was requested or given.

■ Generally, failure to request an instruction on uncorroborated accomplice testimony waives the issue. *United States v. Diaz*, 22 U.S.C.M.A. 52, 56, 46 C.M.R. 52, 56 (1972). This is not so, however, where the absence of such an instruction has resulted in plain error or a miscarriage of justice. *Id.* It is the judge's responsibility to "instruct *sua sponte* on the effect of accomplice testimony when such testimony is of pivotal importance to the Government's case." *United States v. Gilliam*, 23 U.S.C.M.A. 4, 6, 48 C.M.R. 260, 262 (1974).

■ We find that an instruction on accomplice testimony should have been given in this case *sua sponte*. *United States v. Moore*, 2 M.J. 749 (AFCMR 1977). It was plain error not to do so and, in light of the

totality of the evidence, we find it inappropriate to test for prejudice.

While I find a rehearing the appropriate relief in this case because I find the evidence sufficient to sustain the findings of guilty, a majority finds the evidence of guilt insufficient to sustain the appellant's conviction of Specification 2 of the Charge. Appropriate remedial action will be taken in our decretal paragraph.

The remaining assignments of error are without merit.

The finding of guilty of Specification 2 of the Charge is set aside and that specification is dismissed. The remaining findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

RABY, Senior Judge (concurring in part and dissenting in part).

I concur with the Chief Judge except that I find the evidence insufficient to sus-

tain the finding of guilty of Specification 2 of the Charge.

NAUGHTON, Judge (concurring in part and dissenting in part).

I concur with Senior Judge Raby's finding that the evidence is insufficient to support a conviction of Specification 2 of the Charge, but I dissent as to the Court's findings regarding Specification 1 of the Charge. I find the evidence insufficient to support appellant's conviction of that specification as well.[1] Accordingly, I would set aside the findings and sentence and dismiss the Charge.[2]

---

1. *See United States v. Goodyear,* 14 M.J. 567 (NMCMR 1982).

2. Although, in light of my proposed disposition of appellant's case, I need not reach the accom-

plice instruction issue, I would note that I agree with the Chief Judge's disposition of that issue.