**UNITED STATES, Appellee,**

v.

**Private E–1 Lawrence SMITH, Jr., 139–60–2260, United States Army, Appellant.**

**ACMR 8601239.**

U.S. Army Court of Military Review.

20 Jan. 1988.

For Appellant: Lieutenant Colonel Charles A. Zimmerman, JAGC, Major Russell S. Estey, JAGC, Captain Kathleen A. Vanderboom, JAGC, Captain Kevin T. Lonergan, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Eva M. Novak, JAGC (on brief).

Before HOLDAWAY, De GIULIO, and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

CARMICHAEL, Judge:

Based on his plea of guilty, appellant was convicted by a general court-martial of rape in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (1982) [hereinafter UCMJ]. The officer members sentenced appellant to a dishonorable discharge, confinement for twenty

years, and forfeiture of all pay and allowances. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a dishonorable discharge, confinement for three years and one day, and forfeiture of all pay and allowances.

Before this court, appellant asserts that the military judge erred on four occasions with regard to his rulings during voir dire and his instructions on sentencing. First, appellant asserts that the military judge erred in failing to grant challenges for cause against four court members. We are persuaded that the military judge did not abuse his discretion in denying these challenges and thus find this assignment of error to be without merit. Two of the members were challenged on the basis of having been victims of multiple crimes. None of these crimes were related to rape nor did they involve any type of assault or act of violence committed against the person. In response to trial defense counsel's questions during voir dire, both members stated that their prior experiences as crime victims would not affect their ability to determine a fair sentence in appellant's case. Their responses were candid and in no instance did they reveal an inelastic position that would prevent them from acting as impartial sentencing authorities. A third member was challenged on the ground that he had obtained a Masters Degree in Criminal Justice. Because of this "expertise," defense counsel posited that his views might be given undue weight by the other members during sentencing deliberations. Finally, a fourth member was challenged based on his initial statement that he would not consider intoxication as a mitigating factor with regard to the commission of a crime. However, this member subsequently acknowledged his responsibility to follow the military judge's instructions and the requirement for a member to consider all the evidence presented in formulating an appropriate sentence. He stated he would follow an instruction that intoxication should be considered as a mitigating factor. This member was later peremptorily challenged by the defense.

 It is axiomatic that the resolution of challenges for cause is within the broad discretion of the trial judge, and that his failure to grant a challenge will not be disturbed by appellate courts unless that discretion is clearly abused. *United States v. Deain,* 17 C.M.R. 44 (C.M.A.1954). Further, a judge's ruling on challenges is obviously entitled to great deference by appellate courts because the judge personally observes the prospective member and thus is in a superior position to evaluate the member's credibility. *See United States v. Smart,* 21 M.J. 15, 20 (C.M.A.1985) ("[W]hen there is ambiguity in the answers of a member, we should give great weight to the evaluation of those answers by the military judge who observed the member's demeanor....") Although military judges have broad discretion in passing on challenges, they must exercise that discretion ever mindful of "the mandate for liberality" during voir dire, *Smart,* 21 M.J. at 21, which results in a lower "threshold for clear abuse of discretion in denying a challenge." *United States v. Moyar,* 24 M.J. 635, 639 (A.C.M.R.1987).

 Within the framework of the aforementioned principles then, we must test whether the military judge in appellant's case strayed beyond his broad discretionary powers in denying challenges against these four court members. The test is not the mere existence of personal bias, since the latter is sometimes a condition of life itself, but the existence of a personal bias or conviction that would render a member unable to act impartially. More specifically, a bias that would prevent a court member from fulfilling his sentencing responsibilities based on the evidence presented and the military judge's instructions. *See United States v. Reynolds,* 23 M.J. 292, 294 (C.M.A.1987) ("The test is whether the member's personal bias is such that it will not yield to the evidence presented and the judge's instructions." (citations omitted)); *United States v. Karnes,* 1 M.J. 92, 94 (C.M.A.1975) (member must be "mentally free to render an impartial finding and sentence based on the law and the evidence." (citation omitted)).

■ Applying the test to the facts of this case, we find that the military judge did not abuse his discretion in denying appellant's challenges. Our examination of the trial record does not reveal biases of such a magnitude as to support appellant's position that one or more of the challenged members would act other than impartially. See *Reynolds*, 23 M.J. at 294 (member admitting "unfavorable inclination" toward particular offense not automatically disqualified); *United States v. Porter*, 17 M.J. 377, 379 (C.M.A.1984) (recent crime victim will not automatically be excluded from court membership if challenged); *United States v. McPhaul*, 22 M.J. 808, 811 (A.C.M.R.) (denial of challenge against military police officer with Masters Degree in Criminal Justice not error), *petition denied*, 23 M.J. 266 (C.M.A.1986).

■ Appellant's second assertion is that he was prevented from wisely exercising his single peremptory challenge because the military judge erroneously limited his voir dire. Trial defense counsel questioned one member concerning his belief in capital punishment. When asked by the military judge to show the relevance of this inquiry in a non-capital case, defense counsel was unable to do so. The judge then directed counsel not to pursue this line of inquiry. Moreover, the military judge informed defense counsel that asking members whether they were the type of member they would want if they were the accused was an improper question. Accordingly, with the exception of one court member, the judge did not allow defense counsel to pursue this area during voir dire either. Essentially, in his phrasing of the question, trial defense counsel was asking members to switch places with the accused and determine from the accused's perspective whether they would want themselves as court members. In precluding defense counsel from asking these particular questions during voir dire, we find that the military judge acted properly. "[T]he standard for measuring the legitimacy of voir dire is a question's relevance in the context of laying a foundation for possible challenges." *United States v. Smith*, 24 M.J. 859, 861 (A.C.M.R.) (citations omitted), *peti-*

*tion filed*, 25 M.J. 225 (C.M.A.1987). In applying this standard, we are satisfied that the military judge did not abuse his discretion in refusing to allow questions whose relevance to a possible challenge was not apparent from their phrasing, nor from the defense counsel's explanations to the judge. We believe that trial defense counsel was allowed a great deal of latitude during voir dire. To the extent that it was limited, it was because of counsel's inability to show that certain questions were designed to elicit information necessary for the intelligent exercise of challenges. Accordingly, this assignment of error is without merit.

In ruling against appellant on this issue, we are not relegating the "mandate for liberality" to a dark corner. But with respect to the mandate's application to questions on voir dire, we adhere to the caveat we announced in *Smith, supra*. "[The mandate] is only to be applied where there is a reasonable doubt as to the propriety of a question, not where a question clearly is improper on its face and counsel's efforts to bring it within the bounds of propriety prove unsuccessful." *Smith*, 24 M.J. at 862.

Appellant's third assignment of error is that the military judge erred by refusing to give a defense-requested instruction regarding intoxication as a mitigating factor. All of the court members indicated they would consider intoxication as a mitigating factor in determining appellant's sentence if instructed to do so by the judge. In discussing with counsel the sentencing instructions he intended to give, the military judge referred to certain form instructions in Department of the Army Pamphlet 27-9, Military Judges' Benchbook (May 1982) (C1, 15 Feb. 1985) [hereinafter Judges' Benchbook]. The defense counsel had no objection to the proposed instructions, stating only that he did not want an instruction on the unsworn statement of an accused. The military judge agreed not to give the latter instruction.

Subsequently, in instructing the members on their sentencing responsibilities, the military judge twice advised them that

they were to consider all matters in extenuation and mitigation presented by the defense. The military judge did not, however, tailor that portion of his instruction to identify specific matters that the members should consider in deciding on a sentence. At the conclusion of the instructions, the defense counsel requested an instruction specifying appellant's intoxication as a mitigating factor. The military judge refused to give a specific instruction on intoxication, including one proposed by the defense. He reasoned that by doing so after having given sentencing instructions that neither specified matters in extenuation and mitigation, nor aggravation, he would be improperly highlighting for the members the defense's evidence on intoxication.

In addressing this assignment of error, we first would express our strong preference that military judges give "tailored" sentencing instructions where such are warranted by the evidence. The reluctance to do so may lessen court members' sensitivity to the individualized nature of the sentencing process.

■ Here, the instruction given the members by the judge appears to comply with the Rules for Courts–Martial. *See* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1005(e)(4) [hereinafter R.C.M.] (sentencing instructions shall include "[a] statement that the members should consider all matters in extenuation, mitigation, and aggravation . . . .") Further, we note the expressed willingness of the members during voir dire to consider intoxication as a mitigating circumstance. However, we will assume, without deciding, that the military judge erred in not giving the requested instruction in this case. *See United States v. Wheeler*, 38 C.M.R. 72, 756 (C.M.A.1967) (judge has duty to tailor sentencing instructions to the law and the evidence); Judges' Benchbook, para. 2–37 (sentencing instruction checklist for extenuation and mitigation).

Despite the judge's failure to delineate intoxication as a mitigating factor in his sentencing instructions, we are convinced that a rehearing on sentence is not re-

quired. There are few crimes more serious than rape. It is a brutal act which violates the person of the victim, frequently involves the threat of death not to mention the infliction of serious bodily harm, and leaves in its aftermath psychological scars which may never heal. In a non-capital case, as was appellant's, the maximum permissible punishment under the UCMJ is life imprisonment. Appellant's crime was particularly despicable. He broke into the room of the victim and initiated his assault while she was asleep. When she awoke, screamed, and attempted to resist, appellant repeatedly struck her and choked her until she neared unconsciousness. Until this violent encounter, the victim, a married reservist, did not know appellant. Under such circumstances as these, we are persuaded that even in the absence of error the members would have sentenced appellant to punishments at least as severe as the ones which they did in fact adjudge. *See United States v. Sales*, 22 M.J. 305, 307–08 (C.M.A.1986) (sentence rehearing not required when Court of Military Review can determine sentence would have been at least of a certain severity). In passing, we note the extremely lenient sentence limitation pertaining to confinement which was part of appellant's pretrial agreement.

■ The fourth and last assigned error deals with the military judge's failure to give the so-called "mendacious accused" instruction. During the sentencing phase of trial, appellant made an unsworn statement. Trial counsel, in his sentencing argument, referred to appellant as having lied in the courtroom. The military judge expressed concern about this portion of trial counsel's argument and stated that it would require him to instruct the members on mendacity. The defense counsel agreed with the judge's assessment and requested the instruction be given. Instead of the standard "mendacity" instruction found in the Judges' Benchbook, the military judge instructed the members to disregard any reference by the trial counsel in his argument to appellant having lied. The members indicated they would disregard this

portion of trial counsel's argument during their sentencing deliberations. The defense counsel did not object to this instruction or subsequently request an additional instruction on mendacity.

We believe the military judge misspoke when he informed counsel that he would instruct on mendacity. Such an instruction is normally reserved for cases where it can be inferred from the evidence that an accused testified falsely before the members while under oath, or trial counsel argues that an accused did so. *See United States v. Warren*, 13 M.J. 278, 285 (C.M.A.1982) (sentencing authority may consider accused's alleged perjury before court for sentencing purposes and trial counsel may argue for its consideration). Since appellant did not testify under oath but relied on an unsworn statement, the standard instruction pertaining to false testimony by an accused—the "mendacity" instruction—would have been inappropriate. *See* Judges' Benchbook, para. 2-60. Rather than aiding the members, such an instruction, if given, would have been a source of consternation. We find the military judge's instruction for the members to disregard any allegations of lying by appellant to be a satisfactory means of assuring appellant was not prejudiced by trial counsel's argument. Further, we believe that defense counsel's failure to object to this instruction signified his satisfaction with it.

■ Assuming *arguendo*, however, that the military judge erred by not giving the standard mendacity instruction in this case, we conclude that defense counsel's failure to object waived the issue. In the absence of plain error, the "[f]ailure to object to an instruction or to omission of an instruction before the members close to deliberate on the sentence constitutes waiver of the objection...." R.C.M. 1005(f).

■ Although not asserted as error, we note that the staff judge advocate failed to respond to the written allegations of error by trial defense counsel. A majority of these allegations were incorporated as assignments of error by appellate defense counsel. The remainder were personally asserted before this court by appellant. Assuming *arguendo* that a written response was required by R.C.M. 1106(d)(4), we conclude the staff judge advocate's failure constituted harmless error and thus resulted in no prejudice to appellant. *See United States v. Ghiglieri*, 25 M.J. 687, 690 (A.C.M.R.1987) (failure of staff judge advocate to respond to allegations of error by defense not prejudicial error; new action not required).[1]

We have considered the issues personally asserted by appellant and find them to be without merit.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted and the entire record, *see Sales*, 22 M.J. at 308, the sentence is affirmed.

Chief Judge HOLDAWAY and Senior Judge De GIULIO concur.

---

1. We believe this case is distinguishable from recent Court of Military Appeals' decisions requiring new actions by the convening authority. *See United States v. James*, 24 M.J. 397 (C.M.A. 1987) (summary disposition); *United States v. Silva*, 23 M.J. 264 (C.M.A.1986) (summary disposition). Since in the instant case all allegations of error submitted to the convening authority have been considered by this court, a new action does not appear to be required.