UNITED STATES, Appellee,

v.

Staff Sergeant Richard W. THOMPSON, Sr., 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, United States Army, Appellant.

ACMR 8700631.

U.S. Army Court of Military Review.

28 March 1988.

For Appellant: Major Russell S. Estey, JAGC, Major Kathleen A. Vanderboom, JAGC, Captain Kevin T. Lonergan, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Daniel J. Dell'Orto, JAGC, Captain Cynthia M. Brandon, JAGC (on brief).

Before COKER, KENNETT, and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

COKER, Senior Judge:

Contrary to his pleas, appellant was convicted by a general court-martial composed of officer and enlisted members of using cocaine, introducing cocaine onto a military installation with the intent to distribute it, and conspiracy to introduce cocaine onto a military installation for the purpose of distributing it, in violation of Articles 112a and 81, Uniform Code of Military Justice, 10 U.S.C. §§ 912a and 881 (1982 & Supp. III 1985). His sentence to a dishonorable discharge, confinement for two years, total forfeitures, and reduction to Private E–1 was approved by the convening authority.

Appellant alleges multiple errors both personally and through counsel. We will address only two. The first allegation is that the staff judge advocate (SJA) failed to comment on a legal issue raised by defense counsel in his post-trial submission.[1] The second concerns the use of accomplice testimony.[2] We find no prejudicial error and affirm.

The SJA's post-trial recommendation was served on the defense counsel on 26 May 1987. Two days later[3], the defense counsel submitted to the convening authority a document entitled "Response to Post–Trial Review," in which he acknowledged receipt of the record of trial and the SJA's post-trial recommendation, and alleged and discussed a legal error in the trial. The SJA made no written comment to this alleged error (accomplice testimony), and the convening authority took his "Action" on 2 June 1987.

Rule for Courts–Martial 1105(b) sets forth nonexclusive examples of post-trial matters which an accused may submit for the convening authority's consideration. Such matters may include "[a]llegations of errors affecting the legality of the findings or sentence." R.C.M. 1105(b)(1). The SJA is required to state whether, in his opinion, corrective action on the findings or sentence should be taken when an allegation of legal error is raised in matters submitted pursuant to R.C.M. 1105. R.C.M. 1106(d)(4). The SJA's comment on the alleged legal error may consist only of a statement of agreement or disagreement, and no analysis or rationale for the SJA's comment is required. *Id.* In addition to the required comment on R.C.M. 1105 allegations of legal error, the SJA's post-trial recommendation must include concise information regarding the findings and sentence, the accused's service record, the nature and duration of any pretrial restraint, required action under a pretrial agreement, and a specific recommendation as to the action to be taken on the sentence. R.C.M. 1106(d)(3)(A)–(E).

The SJA's recommendation must be served on the defense counsel before the recommendation and the record of trial are taken to the convening authority for his action under R.C.M. 1107. R.C.M. 1106(f)(1). The defense counsel may submit written corrections or rebuttal to any matter in the recommendation believed to be erroneous, inadequate, or misleading, and may comment on any other matter. R.C.M. 1106(f)(4). Failure of the defense

---

1. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter R.C.M.] 1106.

2. The issue was raised in defense counsel's post-trial submission, personally by appellant, and by appellate defense counsel.

3. The military judge authenticated the record of trial on 8 May 1987. On 14 May 1987, the trial defense counsel signed the authentication page, evidencing his "examination" of the record of

trial. The sequence of events, *i.e.,* authentication of the record by the judge *prior* to its examination by the defense counsel is the *reverse* of that contemplated by R.C.M. 1103(i)(1)(B). Furthermore, we reject the government's contention that the defense examination of the record of trial prior to authentication is service within the meaning of R.C.M. 1104(b)(1). *Cf. United States v. McClelland,* 25 M.J. 903 (A.C.M.R.1988).

counsel to comment, in a timely manner, on any matter in the recommendation waives a later claim of error with regard to such matter in the absence of plain error. R.C. M. 1106(f)(6). The SJA may supplement his recommendation after the defense counsel has been served with it and given an opportunity to comment thereon. R.C.M. 1106(f)(7). In case of error in the recommendation not otherwise waived under R.C. M. 1106(f)(6), appropriate corrective action shall be taken by appellate authorities without returning the case for further action by a convening authority. R.C.M. 1106(d)(6).

■ Here, although defense counsel incorrectly titled his submission "Response to Post–Trial Review," which would appear to make it an R.C.M. 1106(f)(4) response to the SJA's post-trial recommendation rather than an R.C.M. 1105(b)(1) allegation of legal error affecting the findings or sentence, it is clear from a reading of the submission that it alleges and discusses a legal error affecting the findings. Accordingly, the SJA should have stated, in an addendum to his recommendation, whether corrective action on the findings should be taken in view of the alleged legal error at trial. R.C.M. 1106(d)(4) & (f)(7).[4]

This court is concerned with the failure of staff judge advocates to respond to post-trial defense submissions which allege errors affecting the legality of the findings or sentence, and the failure of defense counsel to clarify the purpose of their post-trial submission. Their ambiguous actions probably result from the ambiguous dictates of R.C.M. 1105 and 1106. The permissive nature of R.C.M. 1105(b) and the mandatory nature of R.C.M. 1106(d)(4) are inconsistent and the latter appears to conflict with Congressional intent as well as with R.C.M. 1106(d)(6).

> If there is an objection to an error that is deemed to be prejudicial under Article 59 during appellate review, it is the Committee's intent that appropriate corrective action be taken by appellate authorities without returning the case for further

action by a convening authority. Because the convening authority is not acting as an appellate tribunal, the accused is not required to raise legal objections to the court-martial in his submission to the convening authority in order to preserve such objections for appellate consideration.

S.Rep. No. 53, 98th Cong., 1st Sess., at 21 (1983).

■ Congress clearly intended that an accused may, but is not required to raise to the convening authority legal objections to the court-martial. Review of legal issues was made the primary responsibility of appellate tribunals, and therefore the SJA and the convening authority were relieved of this responsibility. *Id.* at 20–21. Yet if the accused raised legal errors with the convening authority, Congress encouraged the SJA to at least express his opinion on the cited error. This "encouragement" was made, for unstated reasons, mandatory by R.C.M. 1106(d)(4). Apparently it was this "mandate" that concerned the Court of Military Appeals in *United States v. James*, 24 M.J. 397 (C.M.A.1987) (summary disposition). *See also United States v. Smart*, 21 M.J. 15, 18 (C.M.A.1985). The Court of Military Appeals provided no rationale for its decision in *James*. Until further guidance is provided by our superior appellate authority, and in furtherance of our responsibility, the rationale developed by our court will be followed. *United States v. Smith*, 25 M.J. 785, 790 (A.C.M.R. 1988); *United States v. Ghiglieri*, 25 M.J. 687, 690 (A.C.M.R.1987). *Cf. United States v. Murray*, 25 M.J. 445, 449 (C.M.A. 1988) (absence of pretrial advice must be tested for prejudice). When an SJA fails to comment on a legal issue raised by defense counsel in the post-trial submission, both the failure to comment and the issue raised will be reviewed for prejudice in accordance with Article 59(a), UCMJ, 10 U.S.C. § 859(a). *Cf. United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982). In the instant case, the failure to comment was not preju-

---

**4.** The addendum will have to be served on the defense counsel if it includes discussion of issues not previously discussed in the recommen-

dation. R.C.M. 1106(f)(7) and discussion thereto.

dicial as the issue of accomplice testimony was raised before this Court personally by appellant and by appellate defense counsel, and will be addressed by us separately. Thus, failure of the SJA to comment was error, but no prejudice resulted.

 Appellant further alleges that he was improperly convicted by the use of accomplice testimony. It is well established in military law that a servicemember may not be convicted solely on the uncorroborated testimony of an accomplice which is self-contradictory, uncertain, or improbable. *United States v. Aguinaga*, 25 M.J. 6, 7 (C.M.A.1987). Even if apparently credible and corroborated, the testimony of an accomplice should be considered with great caution. R.C.M. 918(c) discussion. We find that the accomplice testimony in this case was not self-contradictory, uncertain, or improbable. Even if we consider the prior inconsistent statement of the accomplice,[5] we do not find the testimony self-contradictory. The issue was presented to the panel under proper instructions, *see United States v. Adams*, 19 M.J. 996, (A.C.M.R.1985), and their findings of guilty are fully supported by the evidence.

The remaining assignments of error, including those raised personally by appellant, are without merit.

The findings of guilty and the sentence are affirmed.

Judge KENNETT and Judge ROBBLEE concur.

---

5. *See United States v. Rehberg*, 15 M.J. 691 (A.F. C.M.R.), *petition denied*, 16 M.J. 185 (C.M.A. 1983).