**UNITED STATES, Appellee,**

v.

**Private E1 Adain M. HUTCHISON, United States Army, Appellant.**

**ARMY 9900348.**

U.S. Army Court of Criminal Appeals.

22 Feb. 2002.

---

For Appellant: Colonel Adele H. Odegard, JA; Lieutenant Colonel David A. Mayfield, JA; Major Jonathan F. Potter, JA; Major Steven P. Haight, JA (on brief).

For Appellee: Colonel Steven T. Salata, JA; Lieutenant Colonel Paul H. Turney, JA; Major Margaret B. Baines, JA; Captain Braulio Mercader, JA (on brief).

Before CAIRNS, Senior Judge, CHAPMAN, and BROWN, Appellate Military Judges.

## OPINION OF THE COURT

BROWN, Judge:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of larceny (five specifications) and forgery, in violation of Articles 121 and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 923 [hereinafter UCMJ]. The military judge sentenced the appellant to a bad-conduct discharge, forfeiture of all pay and allowances, and two years of confinement. Pursuant to a pretrial agreement, the convening authority approved only fifteen months of confinement, but approved the remainder of the sentence as adjudged.

This case is before the court for review pursuant to Article 66, UCMJ. We have considered the record of trial, the briefs submitted by the parties, and the matters personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982).

In his sole assignment of error, the appellant alleges that the "dilatory and erroneous post-trial processing" of his case warrants relief.[1] In particular, the appellant details the slow, if not tortured, post-trial processing of his case and asserts that the staff judge advocate (SJA) failed to comment on alleged legal errors in an addendum to the SJA

---

1. The appellant also asserts that an officer, who was not the convening authority, took initial action in his case. We are satisfied, however, that Colonel (COL) Frank W. Miller was in command

when he acted on the appellant's case. *See* Government Appellate Exhibit A (Assumption of Command Orders).

recommendation (SJAR). *See* Rule for Courts–Martial [hereinafter R.C.M.] 1106(d)(4), (f)(7). As relief, the appellant requests that we grant meaningful confinement relief and set aside his bad-conduct discharge. The appellant's *Grostefon* matters, in part, mirror or supplement the assignment of error. To the extent that we grant relief on the assignment of error, we grant relief on the analogous *Grostefon* issue. We find no merit in the remaining *Grostefon* matters.

## BACKGROUND AND POST–TRIAL PROCESSING

The appellant's court-martial, including the providence inquiry, was uneventful. As we have found all too often lately, the post-trial processing of this case does not provide a model worthy of emulation.

The appellant was tried on 9 April 1999. After examination by the trial defense counsel, the military judge authenticated the *eighty-one* page record of trial on 4 January 2000—almost nine months after trial. The SJA signed a standard, three-page SJAR and served it on the trial defense counsel on 11 April 2000—a delay of more than three months after authentication. Fifteen days later, the appellant submitted his R.C.M. 1105/1106 matters, in which both he and his trial defense counsel complained about the extraordinarily long post-trial processing. The SJA did not prepare an addendum to the SJAR. The convening authority[2] took action on the case on 2 June 2000—more than one month after the appellant submitted his R.C.M. 1105/1106 matters. In all, the convening authority took action *419* days after trial in an eighty-one-page, guilty plea case.

## DISCUSSION

The appellant's assigned error focuses on two issues: (1) an allegation of error in the post-trial process as evidenced by the SJA's failure to comment on alleged legal errors; and (2) an unreasonable delay in post-trial processing. Regarding the first issue, we disagree. The appellant's second issue has merit, and we will grant appropriate relief.

### I. SJA Error in the Post–Trial Process

Fifteen days after being served with the SJAR, on 26 April 2000, the trial defense counsel submitted R.C.M. 1105/1106 matters on behalf of the appellant.[3] The submission included a cover memorandum from the trial defense counsel, a two-page clemency plea from the appellant, several pictures, letters of support, and a draft of the appellant's unsworn statement.

The appellant's personal clemency plea is dated December 1999—approximately eight months after trial and at least three months before the SJAR was prepared. In his plea, the appellant complained, in part, that the long delay from trial until action caused him to miss his "chance for parole and clemency." Additionally, he alleged that he was subjected to seven months of onerous pretrial restriction and pretrial punishment at the hands of his chain of command.

In the R.C.M. 1105/1106 memorandum, the trial defense counsel stressed the lengthy post-trial delay as a reason for the convening authority to grant some clemency. The trial defense counsel did not mention any pretrial restraint or punishment issues. Nothing in the submission even vaguely asserted any legal error at trial that could constitute an "allegation[ ] of error[ ] affecting the legality of the findings or sentence." R.C.M. 1105(b)(2)(A).

Given the broad range of matters that an accused may wish to submit to the convening authority under R.C.M. 1105, it is well-settled that not every submission re-

2. As previously noted, the convening authority who took action in the appellant's case was not the commanding general. Rather, COL Miller took action during the first day of a scheduled eight-day term as acting commander/convening authority.

3. Government appellate counsel asserts that the SJA was not required to prepare an addendum because the appellant's R.C.M. 1105/1106 sub- mission was untimely as it was submitted beyond the ten-day timeframe specified in R.C.M. 1105(c)(1). The government may be technically correct that the appellant's submission was late. However, given the dilatory post-trial processing by the SJA's office and the fact that the convening authority did not act on the appellant's case until more than a month after the "late" submission, we consider this argument specious, at best.

quires an addendum to the SJAR. R.C.M. 1106(f)(7) ("The staff judge advocate or legal officer *may* supplement the recommendation after the accused and counsel for the accused have been served with the recommendation and given an opportunity to comment." (emphasis added)); *see also United States v. Hill,* 27 M.J. 293, 295 (C.M.A.1988). Nevertheless, it is equally well-settled that when an accused or his counsel asserts to the convening authority a legal error that affects the findings or the sentence, the SJA is required to state, at minimum, either simple agreement or disagreement with the allegation of legal error. R.C.M. 1106(d)(4); *United States v. Thompson,* 26 M.J. 512, 514 (A.C.M.R.1988); *see also Hill,* 27 M.J. at 296. We test for prejudice when an SJA has failed to comply with R.C.M. 1106(d)(4). *See Hill,* 27 M.J. at 296; *United States v. Johnson,* 26 M.J. 686, 689 (A.C.M.R.1988); *Thompson,* 26 M.J. at 514.

■ During the sentencing portion of the appellant's case, the military judge specifically inquired whether there were any issues of pretrial restraint being tantamount to confinement or violations of Article 13, UCMJ (illegal pretrial punishment). In each instance, the trial defense counsel responded in the negative. Unlike a case in which an accused may claim that a military judge committed legal error during trial by incorrectly deciding a pretrial restraint or punishment issue, here the military judge asked the right questions and received answers that obviated the need for further inquiry. Therefore, we hold that the appellant's unsupported claims [4] of onerous pretrial restraint and illegal pretrial punishment do not allege legal errors that require SJA comment under R.C.M. 1106(d)(4).

Both the appellant and his trial defense counsel stressed the dilatory post-trial processing in this case. We next must decide whether this issue is an alleged legal error that requires SJA comment under R.C.M. 1106(d)(4).

At the outset, we note that the convening authority took action in the appellant's case before this court issued its *Collazo* [5] and *Bauerbach* [6] decisions. Obviously then, the appellant and his trial defense counsel could not have relied on then-nonexistent precedent. Even if *Collazo* and *Bauerbach* had been published and the trial defense counsel had relied on either or both in requesting relief for dilatory post-trial processing, our analysis and resolution would be the same.

■ As we explained in *Bauerbach,* absent a finding of specific prejudice, we review claims of unreasonable post-trial processing delay, and subsequently grant relief thereon, based on our highly discretionary power to ensure sentence appropriateness under Article 66(c), UCMJ, rather than as an exercise of our power to correct prejudicial legal errors under Article 59(a), UCMJ. *Bauerbach,* 55 M.J. at 504–06. We expressed our preference that the SJA's "recommendation or addendum *should* explain any unusual circumstances for the otherwise untimely action in [a] particular case." *Id.* at 507 (emphasis added). This preference, however, does not transform a complaint of dilatory post-trial processing into an alleged legal error. Therefore, we hold that claims of unreasonable post-trial processing, which result in no specific prejudice, do not constitute alleged legal errors that require SJA comment under R.C.M. 1106(d)(4). Since no legal error was alleged, no addendum was required.

## II.  Unreasonable Delay in Post–Trial Processing

■ Our decision that no addendum to the SJAR was required in the appellant's case resolves only part of the appellant's assigned

---

4.  Although the appellant alleged onerous pretrial restraint and punishment issues in his clemency submission, we note that the trial defense counsel did not emphasize or even mention the appellant's claims in his R.C.M. 1105/1106 memorandum and did not request a post-trial Article 39(a), UCMJ, session to resolve the issue. Since counsel are presumed to be competent, and absent any assertion to the contrary, we will presume that the appellant's trial defense counsel

would have investigated and presented any plausible claim of pretrial restraint tantamount to confinement or illegal pretrial punishment to the military judge and to the convening authority.

5.  53 M.J. 721 (Army Ct.Crim.App.2000).

6.  55 M.J. 501 (Army Ct.Crim.App.2001).

error. We still must determine whether the appellant is entitled to sentence relief under *Collazo* and *Bauerbach*. Based on the facts of this case, the appellant is entitled to sentence relief.

Each major step—preparation and authentication of the record of trial, preparation and service of the SJAR, and convening authority action—in the post-trial processing of the appellant's case took too long. The only reasonably prompt part of the post-trial processing was the fifteen days to submit R.C.M. 1105/1106 matters. Taken together, the lengthy post-trial processing borders on the unconscionable.

In a post-trial affidavit,[7] the SJA attempted to explain this delay by: (1) explaining the geographical scope of his responsibilities; (2) detailing the shortage of court reporters (he *only* had two court reporters, except for an unspecified period of time when he had one); (3) expounding on the numerous labor law hearings that evidently occupied the bulk of his court reporters' time; (4) noting the unavailability of civilian court-reporting services in Korea; and (5) summarizing his management efforts to gain additional court reporter support, either through reserve component sources or borrowed from other SJA offices within the theater.

Certainly, our job is not to second-guess the difficult resource and management decisions that SJAs must make every day. Also, while we are not unsympathetic to the unique challenges of managing a legal office overseas, "[g]enerally, routine court reporter problems are not an acceptable explanation" for dilatory post-trial processing. *Bauerbach*, 55 M.J. at 507. Nevertheless, we are required to determine sentence appropriateness, in part, based upon the explanations that SJAs provide.

In the appellant's case, we are struck not by the court reporter challenges that the SJA faced, but by how he chose to utilize

limited court reporter assets. Labor law hearings are necessary and important, but a soldier should *never* have his or her opportunity for clemency or parole in a court-martial case unduly delayed because a court reporter is detailed to an equal employment opportunity or employee discipline hearing. Simply put, we find, the SJA's explanation to be wholly unpersuasive.[8] Additionally, limited court reporter resources might explain some delay in the preparation of the record of trial. It cannot explain the three months to prepare and serve an uncomplicated SJAR or the thirty-seven day delay between receipt of R.C.M. 1105/1106 matters and convening authority action.

In the appellant's case, we find that 419 days from trial to action for an eighty-one-page record of trial is unreasonable. Nothing in the record, allied papers, or appellate filings justifies this delay. We also find that the appellant has suffered no specific prejudice due to the post-trial processing delay. Considering the record as a whole and the totality of the circumstances surrounding the appellant's case, we will grant the appellant three months of confinement relief in our decretal paragraph. *See* Article 66(c), UCMJ; *Bauerbach*, 55 M.J. at 507; *Collazo*, 53 M.J. at 727.

### DECISION

The findings of guilty are affirmed. After considering the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, forfeiture of all pay and allowances, and confinement for twelve months.

Senior Judge CAIRNS concurs.

CHAPMAN, Judge, concurring in the result:

I agree with the majority's decision in Part I that "claims of unreasonable post-trial pro-

---

7. Government Appellate Exhibit B. We note that the affidavit was signed on 19 October 2001—more than a year after we decided *Collazo* and five months after we decided *Bauerbach*.

8. To reiterate an earlier point, we encourage SJAs to document acceptable explanations for untimely post-trial processing. *See Bauerbach*,

55 M.J. at 507, for a nonexclusive list of acceptable explanations. However, when there is little to explain or defend in dilatory post-trial processing, SJAs would be well-advised to recommend that the convening authority grant clemency to moot the issue. *See id.* at 506–07.

cessing, which result in no specific prejudice, do not constitute alleged legal errors that require SJA comment under R.C.M. 1106(d)(4)." I concur in the result in Part II of the opinion granting sentence relief because of excessive post-trial delay only because I am constrained by *stare decisis* to follow the precedents that this court established in *United States v. Collazo*, 53 M.J. 721 (Army Ct.Crim.App.2000) and *United States v. Bauerbach*, 55 M.J. 501 (Army Ct. Crim.App.2001).

I agree that, under the facts of this case, 419 days from trial to action is too long. I also agree that staff judge advocates and convening authorities have an obligation to act diligently in the performance of their military duties.[1] Having said this, however, dilatory post-trial processing alone should not warrant relief.[2] The United States Court of Appeals for the Armed Forces has repeatedly held that an appellant must show that his or her substantial rights were prejudiced, no matter how extensive or unreasonable the delay, before relief is granted.

*United States v. Banks*, 7 M.J. 92, 93–94 (C.M.A.1979). *See also United States v. Jenkins*, 38 M.J. 287, 288 (C.M.A.1993); *United States v. Hudson*, 46 M.J. at 226. I believe this to be the better legal standard. It is not the role of this court to use its Article 66(c), Uniform Code of Military Justice, sentence appropriateness authority to fix untimely post-trial processing, absent an error of law that materially prejudices the substantial rights of an accused.

Because the appellant in this case suffered no prejudice as a result of the post-trial delay, I would not grant relief. Applying *Collazo* and *Bauerbach*, as I am constrained to do, however, I concur in granting the appellant sentence relief.

---

**1.** I strongly urge The Judge Advocate General to aggressively address and take whatever corrective action he thinks necessary to resolve unreasonable post-trial processing delays.

**2.** *See United States v. Hudson*, 46 M.J. 226, 227 (1997).