CORRECTED COPY

 UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 GALLUP, HAM, and JOHNSON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Sergeant First Class FRANKLIN H. MOONEY
 United States Army, Appellant

 ARMY 20050670

 101st Airborne Division (Air Assault) and Fort Campbell
 Richard J. Anderson, Military Judge
 Colonel Richard M. Whitaker, Staff Judge Advocate (trial)
 Lieutenant Colonel Stephen J. Price, Staff Judge Advocate (post-trial)

For Appellant: Major Scott T. Ayers, JA; Captain Julie Caruso Haines, JA,
USAR (on brief).

For Appellee: Colonel John W. Miller, JA; Major Elizabeth G. Marotta, JA;
Captain Michael C. Friess, JA; Captain Michael G. Pond, JA (on brief).

 29 August 2008

 -----------------------------------------
 SUMMARY DISPOSITION
 -----------------------------------------
Per Curiam:

 A panel composed of officer and enlisted members sitting as a general
court-martial convicted appellant, contrary to his pleas, of indecent acts
with a child (five specifications) and indecent acts with another (four
specifications), in violation of Article 134 of the Uniform Code of
Military Justice, 10 U.S.C. § 934 [hereinafter UCMJ]. The panel sentenced
appellant to a bad conduct discharge, confinement for four years,
forfeiture of all pay and allowances, reduction to Private E1, and a
reprimand. The convening authority approved the sentence and credited
appellant with five days confinement toward the sentence to confinement.

 This case is before the court for review under Article 66, UCMJ. We
have considered the record of trial, appellant’s assignments of error,
including those matters personally raised by appellant pursuant to United
States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), and the government’s reply
thereto. Appellant asserts, inter alia, that under United States v.
Collazo, 53 M.J. 721 (Army Ct. Crim. App. 2000), and Article 66(c), UCMJ,
he is entitled to relief for the unreasonable delay in the post-trial
processing of his case. Appellant also argues that Specifications 10 and
11 of Charge II are factually and legally insufficient. We agree and will
grant relief in our decretal paragraph. We find appellant’s other
assertion of error, that the Staff Judge Advocate erred by failing to
comment in his addendum on the defense counsel’s allegation of dilatory
post-trial processing under Collazo, to be without merit. See United
States v. Hutchison, 56 M.J. 756 (Army Ct. Crim. App. 2002).

 In this case, the military judge authenticated the 720-page record of
trial on 9 July 2005, thirty-six days after appellant’s trial. It then
took the staff judge advocate (SJA) 196 days to prepare his recommendation
(SJAR), which was finally completed on 18 January 2006. Appellant raised
the issue of dilatory post-trial processing in his Rule for Courts-Martial
1105 submission dated 23 February 2006. Sixty-four days later, on 28 April
2006, the convening authority took action. The addendum to the SJAR did
not mention appellant’s allegation of dilatory post-trial processing nor
did the convening authority’s action. As the government conceded, the
government was responsible for 306 of the 329 days it took to process the
record of trial and obtain the convening authority’s action. There is no
explanation for the government’s delay; the absence of any explanation is
particularly troublesome in view of the 196 days it took to prepare the
SJAR. Considering the totality of the circumstances and the record as a
whole, we find the post-trial processing of this case to be dilatory and
grant appellant relief. Collazo, 53 M.J. at 727.

 Contrary to the government’s argument,[1] there is insufficient
evidence to support Specifications 10 and 11 of Charge II (indecent acts
with another), and therefore, we set aside both specifications.

 The remaining findings of guilty are affirmed. Reassessing the
sentence on the basis of the errors noted, the entire record, and the
principles of United States v. Sales, 22 M.J. 305 (C.M.A. 1986) and United
States v. Moffeit, 63 M.J. 40 (C.A.A.F. 2006), the court affirms only so
much of the sentence as provides for a bad conduct discharge, confinement
for forty-six months, forfeiture of all pay and allowances, reduction to
Private E1, and a reprimand. All rights, privileges, and property, of
which appellant has been deprived by virtue of that portion of his sentence
set aside by this decision, are ordered restored. See UCMJ arts. 58b(c)
and 75(a).

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] Corrected