# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JEFFERY A. HOBART**
**United States Army, Appellant**

ARMY 20100119

Headquarters, U.S. Army Medical Department Center and School
Gregory A. Gross, Military Judge
Colonel Marian Amrein, Staff Judge Advocate (pretrial)
Lieutenant Colonel Jonathan E. Cheney, Acting Staff Judge Advocate
(recommendation)
Lieutenant Colonel Randolph Swansiger, Staff Judge Advocate (addendum)

For Appellant:  Colonel Mark Tellitocci, JA; Major Laura R. Kesler, JA; Lieutenant Colonel D. Linden Barber, JA (on brief).

For Appellee:  Major Amber J. Williams, JA; Major Ellen S. Jennings, JA; Captain Stephen E. Latino, JA (on brief).

31 October 2011

---------------------------------
SUMMARY DISPOSITION
---------------------------------

KRAUSS, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of absence without leave, false official statement, wrongful appropriation, twenty-two specifications of larceny, and two specifications of obtaining services under false pretenses, in violation of Articles 86, 107, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 907, 921, 134 [hereinafter UCMJ].  The military judge sentenced appellant to a dishonorable discharge, confinement for five years, total forfeiture of all pay and allowances, and reduction to the grade of E1.  Pursuant to a pretrial agreement, the convening authority reduced the sentence to confinement to fifteen months and approved the remainder of the sentence.  Appellant was credited with 111 days of confinement credit against the approved sentence to confinement.

This case is before the court for review under Article 66, UCMJ. We have considered the record of trial, appellant's assignment of error, the government's answer, and the matters appellant personally raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Appellant complained of unreasonable post-trial delay in his post-trial matters, *see* Rule for Courts-Martial [hereinafter R.C.M.] 1105, and now asserts that the staff judge advocate (SJA) erred, in his addendum to the SJA Recommendation, by advising the convening authority that the post-trial delay was not unreasonable despite the fact that it took more than 120 days from completion of trial to initial action and the SJA offered no justification for delay. *See United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006) (creating a 120-day presumption of unreasonable delay). Appellant claims no prejudice and the record of trial reveals none. However, this court is responsible to review the appropriateness of the sentence in light of presumptively excessive and unexplained delay in post-trial processing even absent actual prejudice. Article 66(c), UCMJ. *See generally United States v. Toohey*, 63 M.J. 353, 362–63 (C.A.A.F. 2006); *Moreno*, 63 M.J. at 143; *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Ney*, 68 M.J. 613, 616-17 (Army Ct. Crim. App. 2010).

We disagree with appellant that the SJA's response to his assertion of excessive post-trial delay was deficient. Recognizing that *United States v. Hutchison*, 56 M.J. 756, 759 (Army Ct. Crim. App. 2002), holding that assertion of dilatory post-trial processing in post-trial matters does not constitute assertion of legal error, is either no longer valid in light of *Moreno* or is limited by application of same, we find that the SJA's disagreement with appellant's post-trial assertion, in this case, is sufficient under R.C.M. 1106(d)(4).[1]

However, failure to provide sufficient reasons for such delay bespeaks a lack of institutional vigilance necessary for the proper administration of military justice that permits potential relief under Article 66(c), UCMJ. *See United States v. Toohey*, 63 M.J. 353, 362–63 (C.A.A.F. 2006); *Moreno*, 63 M.J. at 143; *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Ney*, 68 M.J. 613, 616-17 (Army Ct. Crim. App. 2010). Reviewing the entire record of trial, we find the sentence, as approved by the convening authority, appropriate and, therefore, despite the government's failure to meet its obligation to provide reasons for excessive post-trial delay, relief is not warranted.

---

[1] When an accused makes reference to the *Moreno* case and/or complains about post-trial delay in terms of speedy trial or violation of due process rights, it is appropriate for the SJA to respond to this complaint as an assertion of legal error in the addendum to the staff judge advocate recommendation. R.C.M. 1106(d)(4). In any event, reasons for delay should always be included in the record of trial. *See Moreno*, 63 M.J. at 143; *Ney*, 68 M.J. at 616.

In addition, and in light of our superior court's recent decision in *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), we have reviewed both specifications alleging violations of Article 134, to which appellant pled guilty, and find neither so defective as to warrant dismissal. Under the circumstances of this case, including the fact that the accused did not challenge either specification at trial;[2] that reference was made to a violation of Article 134 in the charge; and that the language of the specification otherwise properly alleged the offenses to which appellant pled guilty, the terminal element is reasonably implied in each specification. *United States v. Roberts*, __ M.J. ___ (Army Ct. Crim. App. 14 Oct. 2011). Furthermore, the accused completed a knowing, voluntary, and intelligent plea of guilty to each offense, including a proper inquiry pursuant to *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).[3] Appellant enjoyed notice of the offenses, he was not misled, and he is protected against double jeopardy for the same offenses based on the record of this case. Therefore, relief for defects in the specifications is not warranted. *United States v. Watkins*, 21 M.J. 208, 209–10 (C.M.A. 1986); *Roberts*, __ M.J. at ___, slip op. at 4.

On consideration of the entire record, the assigned error, and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we find the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

Senior Judge JOHNSON and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR
Clerk of Court

---

[2] Appellant also made no challenge on appeal before this court.

[3] During the providence inquiry, the military judge properly explained the terminal elements to appellant; appellant understood that he was charged with offenses that included that element as a matter of proof; admitted that he was guilty of those offenses, including the terminal element; and offered sufficient facts and discussion, including a stipulation of fact, to support a finding of guilt so that no substantial basis in law or fact exists to disapprove the findings of guilty to each. *E.g.*, *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).