# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class KRISTOPHER A. SEYFERTH**
**United States Army, Appellant**

ARMY 20110842

Headquarters, 101st Airborne Division and Fort Campbell
Timothy Grammel, Military Judge
Lieutenant Colonel Jeff A. Bovarnick, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain James S. Trieschmann, JA (on brief).

For Appellee: Major Robert A. Rodrigues, JA; Major Katherine S. Gowel, JA; Captain Sean P. Fitzgibbon, JA (on brief).

13 March 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of absence without leave, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for six months, forfeiture of $978.00 pay per month for six months, and reduction to the grade of E-1. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, seventy-five days of confinement, forfeiture of $978.00 pay per month for six months, and reduction to the grade of E-1.

This case is before our court for review under Article 66, UCMJ. In his sole assignment of error, appellant argues the staff judge advocate (SJA) committed prejudicial error by failing to comment on an allegation of legal error in the

addendum to his post-trial recommendation (SJAR).  This assignment of error merits discussion but no relief.

**LAW AND DISCUSSION**

An SJA is not required to examine the record for legal errors. However,"[t]he staff judge advocate shall state whether, in the staff judge advocate's opinion, corrective action on the findings or sentence should be taken when an allegation of legal error is raised in matters submitted under Rule for Courts-Martial [hereinafter R.C.M.] 1105 or when otherwise deemed appropriate by the staff judge advocate." R.C.M. 1106(d)(4).  In addressing whether corrective action should be taken because of legal error, the rule does not require an extensive response from the SJA.  R.C.M. 1106(d)(4); *United States v. Thompson*, 26 M.J. 512, 514 (A.C.M.R. 1988); *see also United States v. Hill*, 27 M.J. 293, 296 (C.M.A. 1988).

At issue in appellant's case is whether trial defense counsel's mention, in the R.C.M. 1105/1106 submission, of appellant's pretrial placement in a "chapter" platoon amounts to an allegation of legal error requiring a response by the SJA. After reviewing the defense clemency submission, we find it does not.  *See* R.C.M. 1106 (d)(4).  Rather, in the R.C.M. 1105/1106 submission, appellant's trial defense counsel pointed to appellant's placement in the "chapter" platoon and being subjected to degrading comments as reasons for the convening authority to grant clemency by disapproving appellant's bad-conduct discharge.  He argued, "the goal of deterrence and preservation of good order and discipline has already been met" by appellant's placement in the "chapter" platoon.  Significantly, appellant's trial defense counsel did not allege the military judge improperly ruled on an Article 13, UCMJ, motion that denied appellant confinement credit based on these allegations. To the contrary, the trial defense counsel quoted the military judge's Article 13, UCMJ, ruling, in part, in an effort to bolster the ultimate request for clemency.  As such, the SJA's failure to comment on the issue in his addendum does not constitute error in this case.

However, even assuming appellant's submission asserted legal error, we test for prejudice when an SJA has failed to comply with R.C.M. 1106(d)(4).  *See Hill*, 27 M.J. at 296; *Thompson*, 26 M.J. at 514; *United States v. Johnson*, 26 M.J. 686, 689 (A.C.M.R. 1988).  We are "free to affirm when a defense allegation of legal error would not foreseeably have led to a favorable recommendation by the staff judge advocate or to corrective action by the convening authority." *Hill*, 27 M.J. at 296.  Based on the record before us, we conclude any legal error intimated by the submission lacked merit and would not have resulted in either a comment by the staff judge advocate favorable to appellant or to any "corrective action" by the convening authority and thus, we are free to affirm in this case. *See Id*. at 297.

**CONCLUSION**

On consideration of the entire record and the submissions of the parties, we hold the findings of guilty and the sentence are AFFIRMED.[*]

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*] So much of the convening authority's action as purports to defer and waive forfeiture of pay and allowances beyond that of $978.00 pay per month for six months is meaningless and without effect. Appellant was tried at a special court-martial. Therefore, the pay and allowances forfeited, either adjudged or automatic, could not have exceeded two-thirds monthly pay due that member. We additionally find no prejudice in the convening authority's erroneous attempt to waive automatic forfeitures, while still approving the adjudged forfeitures, because at the time of action appellant was already released from confinement, immediately placed on excess leave, and not subject to automatic forfeitures. *See* UCMJ, art. 58b.