**UNITED STATES, Appellee,**

v.

**James P. HILL, Sergeant U.S. Army, Appellant.**

No. 60,031.
CM 8702042.

U.S. Court of Military Appeals.

Nov. 18, 1988.

For Appellant: *Colonel John T. Edwards, Lieutenant Colonel Russell S. Estey, Captain Stephanie C. Spahn, Captain Scott A. Hancock, Captain Jon W. Stentz.*

For Appellee: *Colonel Norman G. Cooper, Major Daniel J. Dell'Orto, Captain Gary L. Hausken.*

*Opinion of the Court*

EVERETT, Chief Judge:

At a bench trial held at Fort Bragg, North Carolina, Sergeant Hill was found guilty of several drug offenses, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a,[1] and sentenced to dishonorable discharge, confinement for 5

---

1. Three specifications of wrongful distribution of lysergic acid diethylamide (LSD), three specifications of wrongful distribution of cocaine, and one specification of wrongful use of cocaine.

years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the sentence;[2] and the Court of Military Review affirmed the findings and sentence.

We granted Sergeant Hill's petition for review to consider this issue raised by appellate defense counsel:

WHETHER THE STAFF JUDGE ADVOCATE ERRONEOUSLY FAILED TO REPLY TO THE LEGAL ISSUE RAISED BY APPELLANT IN HIS POST-TRIAL SUBMISSION.

I

After the record of trial was authenticated, the staff judge advocate prepared a recommendation for the convening authority, wherein he "recommend[ed] that the findings and sentence be approved and, except for the dishonorable discharge, ordered executed." The recommendation was served on military defense counsel, who acknowledged receipt and stated, "I understand that I have an opportunity to rebut, correct, or challenge any matter I deem erroneous, inadequate, misleading, or to comment on any other matter, and that my comments will be appended to the post-trial recommendation." *See* R.C.M. 1106(f)(4), Manual for Courts-Martial, United States, 1984. Subsequently, he submitted a two-page "Memorandum" containing "Matters submitted pursuant to R.C.M. 1105/1106." Therein, he requested the convening authority to review certain testimony, set aside some of the findings, and reduce the sentence. The staff judge advocate made no further comment after receiving the "Memorandum" from defense counsel.

When the Court of Military Review decided this case, it stated in its short-form opinion of March 1, 1988, that it had considered "the issue personally specified by the appellant" but made no comment about the failure of the staff judge advocate to address the defense submission to the convening authority.[3]

II

■ The changes to Article 60 wrought by the Military Justice Act, Pub.L. No. 98–209, § 5, 97 Stat. 1393, 1395–97 (1983), have largely relieved the convening authority of any judicial role. He is no longer required to examine the record for legal error; and his staff judge advocate or legal officer is not required to provide a legal review of the case. However, the convening authority may still take action to set aside or modify a finding of guilty and, when appropriate, to dismiss a specification or charge. Art. 60(c), UCMJ, 10 USC § 860(c).

According to the General Counsel of the Department of Defense, when testifying as to the Senate version of the 1983 legislation,[4] the convening authority was granted this power "solely ... to correct errors that happen to be identified in the course of exercising discretion under Article 60." However, even though there is no duty to act, it often benefits both the accused and the Government if the convening authority does take corrective action, instead of leaving an error uncorrected. *Cf. United States v. Bono*, 26 MJ 240 (CMA 1988).

■ In promulgating the 1984 Manual for Courts-Martial, the President apparently had in mind the advantages of having errors corrected at the lowest level of re-

**2.** GCMO 21, dated December 1, 1987, should be reaccomplished to reflect the matters set out in the Court-Martial Order Correction; and that Additional Charge I was a violation of Article 112a. It should also note that the military judge imposed sentence.

**3.** On the request for appellate representation, under the section dealing with "errors or other matters ... urged as grounds for relief," trial defense counsel had written "[e]vidence insuffi-

cient to substantiate some of the findings." Appellate defense counsel drew the attention of the Court of Military Review to this matter by way of a footnote to appellant's pleading.

**4.** Hearings on S. 2521 before the Subcomm. on Manpower and Personnel of the Senate Armed Services Comm. 33 (1982) (prepared remarks of the Hon. William H. Taft IV, General Counsel of the Department of Defense).

view. Despite the broad discretion Congress granted to the convening authority, R.C.M. 1106(d)(4) requires that "the staff judge advocate ... state" in his recommendation "whether, in" his "opinion, corrective action on the findings or sentence should be taken when an allegation of legal error is raised in matters submitted under R.C.M. 1105 or when otherwise deemed appropriate by the staff judge advocate." In light of this Manual requirement, we have previously set aside the action of a convening authority where the staff judge advocate had failed to give this opinion. *United States v. James*, 24 MJ 397 (CMA 1987); *United States v. Silva*, 23 MJ 264 (CMA 1986).

Relying on *James*, two panels of the Army Court of Military Review have also returned cases to convening authorities for a new recommendation and action. *United States v. Cavaness*, ACMR 8701218 (Dec. 29, 1987) (unpub.); *United States v. McDaniel*, ACMR 8601388 (Oct. 30, 1987) (unpub.). Two other panels of the Army Court of Military Review have tested the error for prejudice under Article 59(a), UCMJ, 10 USC § 859(a), and, upon doing so, have affirmed. *United States v. Smith*, 25 MJ 785 (1988); *United States v. Ghiglieri*, 25 MJ 687 (1987). In Smith, the Court of Military Review took note of *James* and *Silva*, *see* 25 MJ at 790 n. 1, but concluded that they were distinguishable.

In *James* and *Silva*, trial defense counsel had submitted to the convening authority matters under R.C.M. 1105 before the staff judge advocate prepared his recommendation. Since the staff judge advocate had been placed on notice that defense counsel asserted error, he should have been aware that, under R.C.M. 1106(d)(4), he was required to comment thereon. Thus, those cases are distinguishable from this case, where the submission to the convening authority was made after the staff judge advocate had drafted his recommendation.

We conclude, however, that this distinction is not significant. R.C.M. 1105(b)(1) provides that the accused may submit to the convening authority "[a]llegations of errors affecting the legality of the findings or sentence." After a trial by special or general court-martial, the accused may submit matters under R.C.M. 1105(b) "within the later of 10 days after a copy of the authenticated record of trial, or, *if applicable, the recommendation of the staff judge advocate or legal officer is served on the accused.*" *See* R.C.M. 1105(c)(1) (emphasis added). Obviously, the Manual contemplates that errors may be raised by the accused for consideration by the convening authority, even though the recommendation of the staff judge advocate already has been served on the accused. To allow this makes good sense; the "recommendation" itself may reflect a legal error on the part of the staff judge advocate or legal officer; and, just as for errors at trial, it is desirable that a legal error on the part of the staff judge advocate—such as reliance on an overruled case or failure to advert to an applicable regulation—be corrected by the convening authority, rather than await corrective action at a later time by the Court of Military Review or by this Court.

R.C.M. 1106(f)(7) provides that "[t]he staff judge advocate or legal officer *may* supplement the recommendation after counsel for the accused has been served with the recommendation and given an opportunity to comment." (Emphasis added.) The use of "may" rather than "shall" or "must" suggests that the staff judge advocate has no duty to reply to a comment by defense counsel that follows service of the recommendation.

However, the comments of defense counsel may go beyond "allegations of errors" and may include "[p]ortions or summaries of the record and copies of documentary evidence offered or introduced at trial"; "[m]atters of mitigation which were not available for consideration at the court-martial"; and "[c]lemency recommendations by any member, the military judge, or any other person." *See* R.C.M. 1105(b). Consistent with R.C.M. 1106(f)(7), the President may have intended that the staff judge advocate be required to respond to

"[a]llegations of errors affecting the legality of the findings or sentence" submitted after the recommendation of the staff judge advocate was served on the defense counsel, *see* R.C.M. 1106(f), but not be required to respond to any other matter submitted by the accused.

When we consider R.C.M. 1106(d) as a whole and the President's apparent purpose in requiring that the staff judge advocate respond in his "recommendation" to any allegation of legal error, we conclude that the President also intended that the staff judge advocate respond to any allegations of legal error submitted by the defense after service of the recommendation but within the time authorized by R.C.M. 1105(c)(1).

### III

■ If the staff judge advocate fails in his duty to respond to allegations of legal error, must an appellate court return the case to the convening authority or may the appellate court itself determine whether the accused has been prejudiced? In *United States v. Thompson*, 26 MJ 512 (ACMR 1988), *pet. denied*, 27 MJ 403 (1988), the Army Court of Military Review elected the latter option. By determining that the alleged legal error had no merit, the court purported to cure the omission by the staff judge advocate.

R.C.M. 1106(d)(6) would seem to support this choice. It provides that "[i]n case of error in the recommendation not otherwise waived under subsection (f)(6) of this rule, appropriate corrective action shall be taken by appellate authorities without returning the case for further action by a convening authority." On the other hand, failure to return the case to the convening authority for action on the basis of a properly prepared recommendation deprives both "[t]he accused and the convening authority" of the "well-written and carefully considered post-trial recommendation" to which they are entitled. *See United States v. Hallums*, 26 MJ 838, 840 (ACMR 1988), citing *United States v. Shaw*, 14 MJ 967, 968

(ACMR 1982), *pet. denied*, 15 MJ 456 (1983).

We conclude that, in most instances, failure of the staff judge advocate or legal officer to prepare a recommendation with the contents required by R.C.M. 1106(d) will be prejudicial and will require remand of the record to the convening authority for preparation of a suitable recommendation. Even though Congress conferred broad discretion on the convening authority, the President has required that the convening authority be provided with information that will assist him in the exercise of his discretion.

Generally, an accused is entitled to be placed in the position he would have occupied if an error had not occurred. *Cf. United States v. Sales*, 22 MJ 305 (CMA 1986). Since it is very difficult to determine how a convening authority would have exercised his broad discretion if the staff judge advocate had complied with R.C.M. 1106, a remand will usually be in order. This remedy not only will protect the accused from prejudice but also will help assure future compliance by staff judge advocates. Moreover, unlike a rehearing on findings or sentence, this remedy will not be onerous for the Government.

If the Court of Military Review is convinced that, under the particular circumstances, a properly prepared recommendation would have no effect on the convening authority's exercise of his discretion—the burden in this regard being on the Government—remand to the convening authority is unnecessary. Accordingly, if a defense allegation of legal error is presented after trial but clearly has no merit, the accused is not entitled to relief merely because of failure by the staff judge advocate to state specifically in his recommendation that the assigned error lacked merit or to submit an "addendum" addressing the error. We are not required to give an accused the benefit of any possibility that the staff judge advocate might mistakenly have attributed merit to an allegation of legal error that had no merit and that, in turn, the convening au-

thority might have taken action favorable to the accused.

Thus, a Court of Military Review is free to affirm when a defense allegation of legal error would not foreseeably have led to a favorable recommendation by the staff judge advocate or to corrective action by the convening authority. Otherwise, failure by the staff judge advocate to respond to an allegation of legal error, which has been submitted in a timely matter whether before or after the recommendation of the staff judge advocate has been served on the defense, requires remand to the convening authority for comment by the staff judge advocate. In this way, we honor the broad discretion conferred on the convening authority by Congress and at the same time assure that the accused receives the benefit of the informed exercise of that discretion intended by the Manual for Courts-Martial.

█ We have examined the defense "Memorandum" in light of these principles. It is unclear that they contain "[a]llegations of errors affecting the legality of the findings or sentence" within the meaning of R.C.M. 1105(b)(1). Even taking the interpretation of the "Memorandum" that would be most favorable to appellant's contentions, we conclude that any legal error intimated by the "Memorandum" lacked merit and would not have resulted in either a comment by the staff judge advocate or to any "corrective action" by the convening authority.

## IV

The decision of the United States Army Court of Military Review is affirmed.

Judge SULLIVAN concurs.

COX, Judge (concurring):

The two summary disposition cases, *United States v. James*, 24 MJ 397 (CMA 1987), and *United States v. Silva*, 23 MJ 264 (CMA 1986), should have been sufficient to send a signal to the legal community that this Court wants to have the views of the staff judge advocate articulated to the convening authority, albeit, a simple "statement of agreement or disagreement" meets the minimum requirement of R.C.M. 1106(d)(4). It is our belief that this first echelon of review is significant. *See United States v. Bono*, 26 MJ 240, 243 n.3 (CMA 1988)

Nevertheless, we are also mindful that Congress recognized that many errors do not affect the outcome of a case. Thus, it enacted Article 59(a), Uniform Code of Military Justice, 10 USC § 859(a). If a Court of Military Review intends to affirm a conviction even though an error in the legal review has been committed, it should make a clear finding of harmlessness to enable us to be satisfied that an accused has received not only fair appellate review, but also complete review.