UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 TOZZI, SIMS, and CARLTON
 Appellate Military Judges

 UNITED STATES, Appellant
 v.
 Sergeant CARLOS R. SALINAS
 United States Army, Appellee

 ARMY 20071435

 Headquarters, 19th Sustainment Command (Expeditionary)
 Donna M. Wright, Military Judge
 Lieutenant Colonel Imogene M. Jamison, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Major Brad Voorhees, JA; Captain Michael E. Korte, JA (on brief
and petition for new trial).

For Appellee: Captain Christopher B. Witwer, JA; Major Lisa L. Gumbs, JA;
Lieutenant Colonel Martha L. Foss, JA; Colonel Norman F.J. Allen, III, JA
(on brief).

 24 March 2010

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------

Per Curiam:

 A military judge panel sitting as a general court-martial convicted
appellant, pursuant to his pleas of one specification of violating a lawful
general regulation and two specifications of adultery in violation of
Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and
934 [hereinafter UCMJ]. An officer panel sitting as a general court-
martial convicted appellant contrary to his pleas of indecent assault in
violation of Article 134, UCMJ. The panel sentenced appellant to a
dishonorable discharge, confinement for nine months, total forfeiture of
pay and allowances, and reduction to E1. The convening authority approved
the adjudged sentence.

 Appellant raised six assignments of error in his brief to this court.
In his initial assignment of error, he contends the military judge
erroneously permitted inadmissible character evidence purporting to show
appellant’s plan or modus operandi to commit forceable sexual assault. His
second assignment of error alleges legal and factual insufficiency with
respect to the indecent assault offense. Appellant’s third assignment of
error alleges the pretrial advice to the convening authority was inaccurate
and misleading under Rule for Court-Martial [hereinafter R.C.M.] 406(c).
The fourth assignment of error alleges dilatory post-trial processing.
Appellant also alleges the military judge erred in excluding
constitutionally required evidence under Military Rule of Evidence
[hereinafter Mil. R. Evid.] 412. Finally, appellant alleges the staff
judge advocate (SJA) committed prejudicial error when he failed to comment
on the legal errors raised by trial defense counsel in his R.C.M. 1105
submission. Appellant also submitted a petition for new trial, alleging a
fraud upon the court-martial.

 We have examined the record of trial, appellant’s six assignments of
error, the petition for new trial, and the government’s responses. We find
merit in the assignment of error pertaining to the defective post-trial
Staff Judge Advocate Recommendation (SJAR) and will take corrective action
in our decretal paragraph. We find the SJAR failed to comment on the
numerous legal errors raised by trial defense counsel and remand the case
for a new SJAR and action. Therefore, we will not address the remaining
assignments of error or new trial petition at this time.

 Staff Judge Advocate’s Failure to Comment on Alleged Legal Errors

 In evaluating appellant’s sixth assignment of error, we note
appellant’s trial defense counsel alleged five prejudicial legal errors in
his R.C.M. 1105 submission.[1] First, he alleged the military judge
admitted inadmissible character evidence purporting to show a plan or modus
operandi to commit forceable sexual assault. Second, he asserted the
military judge erred in denying appellant’s motion for severance of his
offenses. Next, appellant claimed legal error when the military judge
excluded constitutionally required evidence under Mil. R. Evid. 412.
Appellant’s fourth allegation averred the military judge “den[ied] evidence
to support the defense theory that [Private First Class L] is a habitual
liar.” Finally, appellant alleged the evidence was legally and factually
insufficient to sustain his conviction for indecent assault. The SJA
failed to respond to any of appellant’s allegations of legal error in his
addendum to the SJAR and, on 18 June 2008, the convening authority took
action on appellant’s case.

 The purpose of the SJAR is “to assist the convening authority to
decide what action to take on the sentence in the exercise of command
prerogative.” R.C.M. 1106(d)(1). When an accused raises an allegation of
legal error before the convening authority has taken action, the SJA must
advise the convening authority if “corrective action on the findings or
sentence should be taken . . . . The response may consist of a statement of
agreement or disagreement with the matter raised by the accused. An
analysis or rationale for the staff judge advocate’s statement is not
required.” R.C.M. 1106(d)(4). See United States v. Hill, 27 M.J. 293, 296
(C.M.A. 1988).

 Our superior court stated in Hill, “in most instances, failure of the
staff judge advocate . . . to prepare a recommendation with the contents
required by R.C.M. 1106(d) will be prejudicial and will require remand of
the record to the convening authority for preparation of a suitable
recommendation.” Id. The court explained, “[s]ince it is very difficult
to determine how a convening authority would have exercised his broad
discretion if the staff judge advocate had complied with R.C.M. 1106, a
remand will usually be in order.” Id.

 Yet, the Court of Appeals for the Armed Forces also held that a Court
of Criminal Appeals (CCA) “is free to affirm when a defense allegation of
legal error would not foreseeably have led to a favorable recommendation by
the staff judge advocate or to corrective action by the convening
authority.” Id. at 297. Conversely, if a CCA determines that the legal
error has merit and must be remedied, it can decide whether to grant
meaningful relief under its plenary review authority under Article 66(c),
UCMJ or remand the case to the appropriate convening authority for
corrective action. United States v. Wheelus, 49 M.J. 283, 289 (C.A.A.F.
1998).

 Upon review of the facts in this case, applicable case law, and
provisions of the Manual for Courts-Martial, we find the SJA’s failure to
comment on the five legal errors raised by the accused in his R.C.M. 1105
clemency submission constituted prejudicial error that resulted in material
prejudice to appellant’s substantial right to have his clemency request
evaluated by a convening authority who had been properly advised regarding
the allegations of legal error in appellant’s court-martial. We also find
under these facts that we must remand this case to the same convening
authority to consider appellant’s R.C.M. 1105 submission and raised legal
errors.

 Conclusion

 The convening authority’s initial action, dated 18 June 2008, is set
aside. The record of trial is returned to The Judge Advocate General for a
new SJAR and a new initial action by the same convening authority in
accordance with Article 60(c)-(e), UCMJ.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] Appellant raised three of the legal errors alleged in his R.C.M. 1105
submission as assignments of error to this court.