# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 DAVUALE B. WILLIAMS**
**United States Army, Appellant**

ARMY 20110227

Headquarters, 82d Airborne Division
Karin G. Tackaberry, Military Judge
Colonel Lorianne M. Campanella, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Major Richard E. Gorini, JA; Captain James P. Curtin, JA (on brief).

For Appellee: Major Robert A. Rodrigues, JA; Major Katherine S. Gowel, JA; Major Alison L. Gregoire, JA (on brief).

30 April 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

HAIGHT, Judge:

A general court-martial composed of officer members convicted appellant in absentia, contrary to his pleas, of one specification of aggravated sexual assault of a child, two specifications of abusive sexual contact with a child, one specification of indecent acts, and one specification of sodomy with a child, in violation of Articles 120(d), 120(i), 120(k), and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 920(d), 920(i), 920(k), 925 (2006 & Supp. III 2009) [hereinafter UCMJ], respectively. The convening authority approved the adjudged sentence to a dishonorable discharge, confinement for three years, and forfeiture of all pay and allowances.

Appellant's case is before this court for review pursuant to Article 66, UCMJ. Appellant argues, *inter alia*, that both of his convictions for abusive sexual contact with a child are multiplicious and represent an unreasonable multiplication of charges. The government concedes that these specifications must be set aside, but

only on the basis that they are an unreasonable multiplication of charges. We agree with the parties that both specifications must be set aside, but find that one specification is multiplicious, while the other represents an unreasonable multiplication of charges.[1]

## LAW AND DISCUSSION

### *Multiplicity*

One of appellant's abusive sexual contact convictions is predicated upon the identical criminal act as his aggravated sexual assault conviction: penetrating the victim's vagina with his penis. "The Fifth Amendment protection against double jeopardy provides that an accused cannot be convicted of both an offense and a lesser-included offense. *See* Article 44(a), UCMJ, 10 U.S.C. § 844(a) (2000); *Blockburger v. United States*, 284 U.S. 299 (1932); *United States v. Teters*, 37 M.J. 370 (C.M.A. 1993). Charges reflecting both an offense and a lesser-included offense are impermissibly multiplicious." *United States v. Hudson*, 59 M.J. 357, 358 (C.A.A.F. 2004), *overruled on other grounds by United States v. Jones*, 68 M.J. 465 (C.A.A.F. 2010). An offense is a lesser-included offense if its elements are the same or a subset of the charged offense. *Schmuck v. United States*, 489 U.S. 705, 716 (1989); *United States v. Jones*, 68 M.J. 465 (C.A.A.F. 2010).

Specification 1 of Charge I alleges appellant:

> did, at or near Fort Bragg, North Carolina, on or about 25 July 2010, engage in sexual acts, to wit: placing his penis into the vagina of [JL], with [JL], who had attained the age of 12 years, but had not attained the age of 16 years.

---

[1] We reviewed appellant's allegation that his post-trial matters asserted legal error to which the staff judge advocate (SJA) was required to respond and find it lacks merit. Assuming *arguendo* that the SJA's addendum did not meet the minimal response requirement of Rule for Courts-Martial 1106(d)(4), *see United States v. Catrett*, 55 M.J. 400, 408 (C.A.A.F. 2001), we find any such error was not prejudicial. We are "free to affirm when a defense allegation of legal error would not foreseeably have led to a favorable recommendation by the [SJA] or to corrective action by the convening authority." *United States v. Hill*, 27 M.J. 293, 297 (C.M.A. 1988); *United States v. Welker*, 44 M.J. 85, 89 (C.A.A.F. 1996). Based on the record before us, we find any legal errors raised in appellant's post-trial matters, although couched as clemency requests, lack merit and would not have resulted in a favorable recommendation by the SJA or any corrective action by the convening authority.

Specification 3 of Charge I alleges appellant:

> did, at or near Fort Bragg, North Carolina, on or about 25 July 2010, engage in sexual contacts, to wit: placing his penis into the vagina of [JL], with [JL], a child under the age of 16 years.

We have no trouble concluding that the charged abusive sexual contact with a child in violation of Article 120(i), UCMJ (Specification 3 of Charge I), is a lesser-included offense of the separately charged aggravated sexual assault of a child in violation of Article 120(d), UCMJ (Specification 1 of Charge I). Abusive sexual contact with a child, by its very language, is applicable when the misconduct falls short of the greater crime of aggravated sexual assault of a child:

> Any person subject to this chapter who engages in or causes sexual contact with or by another person, if to do so would violate subsection (d) (aggravated sexual assault of a child) had the sexual contact been a sexual act, is guilty of abusive sexual contact with a child . . . .

UCMJ art. 120(i). As defined by the statute, the lesser offense mirrors the elements of the greater, but substitutes the less egregious sexual contact for a sexual act.[2] Here, the specifications allege the same factual conduct for both the sexual act and the sexual contact, i.e., penile penetration of the victim's vagina. Therefore, we conclude the offenses charged in this case stand in the relationship of lesser and greater. Accordingly, appellant's conviction for the facially duplicative, lesser-included offense is multiplicious and must be set aside.

### Unreasonable Multiplication of Charges

Appellant's second conviction for abusive sexual contact with a child is predicated upon the same criminal act as his sodomy conviction: placing his penis in the victim's mouth. "What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial [hereinafter R.C.M.] 307(c)(4). We consider five factors to determine whether charges have been unreasonably multiplied:

---

[2] Not only does this statutory provision establish a relationship of necessary inclusion, it also evidences a congressional intent that these offenses not be made the basis for multiple convictions or punishments. *See Teters*, 37 M.J. at 373.

(1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;

(2) Is each charge and specification aimed at distinctly separate criminal acts?;

(3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;

(4) Does the number of charges and specifications [unreasonably] increase [the] appellant's punitive exposure?;

(5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001) (internal citation and quotation marks omitted) (internal alteration reflects the holding in *Quiroz* that "unreasonably" will be utilized instead of "unfairly").

On balance, we find the *Quiroz* factors weigh in appellant's favor. Appellant raised this issue at trial, and in light of appellant's objection, the military judge treated the offenses as merged for sentencing. Although the military judge's ruling prevented appellant from being unfairly subjected to an increase in punishment, appellant's additional conviction ultimately exaggerates his criminality. Moreover, the abusive sexual contact specification is not aimed at a distinct, criminal act. In fact, as the government explained to the military judge at trial, the abusive-sexual-contact specification is aimed at reaching the same conduct, in the alternative, as that charged in the sodomy specification. Due to the government's decision to plead these offenses in the alternative, we do not find evidence of prosecutorial overreaching or abuse. Nevertheless, we conclude, and the government concedes, there was an unreasonable multiplication of charges in this case. *See United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012) (noting one or more factors may be sufficiently compelling, without more, to warrant relief).

**CONCLUSION**

The finding of guilty of Specification 2 of Charge I is set aside. The finding of guilty of Specification 3 of Charge I is set aside and that specification is dismissed. The remaining findings are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*,

63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the approved sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored. *See* UCMJ art. 75(a).

Senior Judge COOK and Judge GALLAGHER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court