# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist ALVA D. SUMMERLOTT**
**United States Army, Appellant**

ARMY 20120352

Headquarters, 101st Airborne Division (Air Assault) and Fort Campbell
Timothy Grammel, Military Judge
Lieutenant Colonel Jeff A. Bovarnick, Staff Judge Advocate

For Appellant:  Major Jacob D. Bashore, JA; Captain Susrut A. Carpenter, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA (on brief).

26 June 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of forcible sodomy, in violation of Article 125, Uniform Code of Military Justice, 10 U.S.C. § 925 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for four years, forfeiture of all pay and allowances, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for eighteen months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ. Appellant submitted this case on its merits but personally raised issues pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982). We find one of these issues merits discussion but no relief. We also find an additional issue which merits discussion but no relief.

In his *Grostefon* matters, appellant alleges error when the staff judge advocate (SJA) failed to serve him with "new matter" contained in the addendum to his post-trial recommendation. *See* R.C.M. 1106(f)(7).

Following appellant's court-martial, his defense counsel submitted matters on appellant's behalf pursuant to Rules for Court-Martial [hereinafter R.C.M.] 1105/1106 to the convening authority (CA). In his memorandum, appellant's defense counsel alleged: (1) the assembly of the court-martial was in error because the SJA exceeded the authority delegated to him by the convening authority when he excused alternate members of the panel; (2) the defense was never provided documentation verifying excused members' TDY status; and (3) the military judge violated the liberal grant mandate when he denied a defense challenge for cause.

In the addendum to his post-trial recommendation, the SJA responded to appellant's allegations of error regarding panel members' excusals and absences. He provided:

> In paragraph 1d of the defense submission, the defense counsel claims that the assembly of the panel was in error in that they believe the Staff Judge Advocate excused alternate members which, you, in fact, excused. In paragraph 1e of the defense submission, the defense counsel claims that no documentation was ever provided for establishing member absences. I disagree. It was made known at the time of trial that these documents were present and available for review.

However, the SJA failed to comment on appellant's third allegation of error addressing the military judge's denial of a defense causal challenge.

To the extent the SJA's response to the allegations of legal error could be construed as "new matter," appellant and his defense counsel should have been served with the addendum and given the opportunity to respond. *See* R.C.M. 1106(f)(7). But, this does not end our analysis. In order to succeed on appeal, "appellant [must] demonstrate prejudice by stating what, if anything, would have been submitted to 'deny, counter, or explain' the new matter." *United States v. Chatman*, 46 M.J. 321, 323-24 (C.A.A.F. 1997). While the threshold is low, appellant must make some colorable showing of possible prejudice. *Id*. Here, appellant has failed to demonstrate any prejudice, as he has failed to establish what would have been submitted to "deny, counter, or explain" the new matter.

Additionally, we find the SJA erred when he failed to comment on appellant's allegation of legal error regarding the military judge's denial of a defense causal challenge.[*]  *See* R.C.M. 1106(d)(4).  However, pursuant to *United States v. Hill*, 27 M.J. 293, 297 (C.M.A. 1988), we are "free to affirm when a defense allegation of legal error would not foreseeably have led to a favorable recommendation by the [SJA] or to corrective action by the [CA]."  Based on the record before us, we find any legal error raised by appellant's allegation lacked merit and would not have resulted in a favorable recommendation by the SJA or any corrective action by the CA.

## CONCLUSION

On consideration of the entire record and those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact.  Accordingly, those findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*]  Subsequent to the military judge's denial of defense's challenge for cause of Command Sergeant Major (CSM) WM, the defense successfully used a peremptory challenge to excuse CSM WM.  In accordance with R.C.M. 912(f)(4), further consideration of this challenge is precluded.