# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and BORGERDING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JOE F. GARCIA, JR.**
**United States Army, Appellant**

ARMY 20121174

Headquarters, 1st Cavalry Division
Gregory A. Gross and Randall L. Fluke, Military Judges
Lieutenant Colonel R. Tideman Penland, Jr., Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Vincent T. Shuler, JA; Captain Michael J. Millios, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain T. Campbell Warner, JA (on brief).

7 May 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of two specifications of desertion in violation of Article 85, Uniform Code of Military Justice, 10 U.S.C. § 885 (2006) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for six months, and reduction to the grade of E-1. Prior to action, the convening authority deferred automatic forfeitures; at action, the convening authority noted the termination of that deferment and declared that the automatic forfeiture of pay required by Article 58b, UCMJ, was waived effective the date of the action for a period of two months with direction that those funds be paid to the appellant's wife. Appellant was also credited with two days against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ. Appellant assigns one error and raises two others pursuant to *United States v. Grostefon*,

12 M.J. 431 (C.M.A. 1982).  We have considered those matters personally raised by appellant pursuant to *Grostefon*, and find they are without merit.  Appellant's assignment of error, however, warrants brief discussion and relief.  He complains that ambiguity in both the staff judge advocate's addendum and the convening authority's action warrant a new review and action.  The government agrees with appellant.

Pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1105, appellant submitted matters for the convening authority's consideration.  As part of that submission, appellant complained of unreasonable post-trial delay.  The staff judge advocate noted this assertion of legal error in his addendum, but he did not clearly agree or disagree with appellant's assertion, or explicitly advise the convening authority whether corrective action should be taken, as is required by R.C.M. 1106(d)(4).  Instead, after properly parsing the appellant's allegation of "legal error" and separate "Clemency Request," the staff judge advocate stated he "disagree[ed] with the Defense request."  He then recommended the convening authority approve the sentence as adjudged, but that "[b]ased on the length of post-trial delay in this case," he also recommended the convening authority waive two months of automatic forfeitures.  The convening authority adopted the recommendation.

The problem with this course of action was that there were no automatic forfeitures to waive because appellant was long out of confinement.  We might glean from the addendum the staff judge advocate's disagreement with appellant's allegation of legal error; advice that no corrective action was required; and recommendation that the convening authority grant clemency in light of post-trial delay.  In any event, the government concedes sufficient ambiguity in the convening authority's action on the matter of relief for post-trial delay and joins with appellant in requesting this court to return the matter for a new review and action.

We agree with the parties.  In light of the convening authority's apparent, but ill-informed and thus possibly frustrated, intent to grant some sort of relief for post-trial delay, a new review and action is warranted.  *See generally United States v. Hill*, 27 M.J. 293, 296 (C.M.A. 1988) ("[I]n most instances, failure of the staff judge advocate or legal officer to prepare a recommendation with the contents required by R.C.M. 1106(d) will be prejudicial and will require remand of the record to the convening authority for preparation of a suitable recommendation."); UCMJ art. 58b; R.C.M. 1101(d), 1105-1107.

The action of the convening authority dated 7 October 2013 is set aside.  The record of trial will be returned to The Judge Advocate General for a new action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ.



FOR THE COURT:

ANTHONY O. POTTINGER
Acting Clerk of Court