# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant CHRISTIAN M. LOPEZMORALES**
**United States Army, Appellant**

ARMY 20130502

Headquarters, Eighth Army
Wendy P. Daknis, Military Judge
Colonel Marian Amrein, Staff Judge Advocate

For Appellant:  Major Amy E. Nieman, JA; Captain Brian J. Sullivan, JA (on brief).

For Appellee:  Lieutenant Colonel James L. Varley, JA (on brief).

21 October 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of violating a lawful general regulation, one specification of dereliction of duty, one specification of failure to obey a lawful order, four specifications of making a false official statement, and one specification of adultery in violation of Articles 92, 107, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 907, 934 (2012) [hereinafter UCMJ], respectively.  The military judge sentenced appellant to a dishonorable discharge, confinement for eight months, and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged.[1]  The appellant received 62 days of confinement credit against the sentence to confinement.

This case is before us for review under Article 66, UCMJ.  Two of appellant's personal submissions made pursuant to *United States v. Grostefon*, 12 M.J. 431

---

[1] Prior to action, the convening authority deferred appellant's automatic forfeiture of $1,516.00 per month until action.

(C.M.A 1982) warrant discussion and one warrants relief. The remaining *Grostefon* submissions do not warrant relief.

*Failure to Comment on Alleged Legal Error*

In his *Grostefon* matters, appellant argues the staff judge advocate (SJA) provided inadequate advice to the convening authority in the addendum to the staff judge advocate's recommendation (SJAR), thereby depriving appellant of a viable clemency opportunity. Specifically, the appellant's clemency submissions to the convening authority pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1105 included an allegation of legal error due to unreasonable government delay in post-trial processing under *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006). The SJAR addendum failed to address appellant's claim.[2] Appellant asserts the SJA's failure to comment on the allegation of legal error in the SJAR addendum constituted error. We agree. *See United States v. Arias*, 72 M.J. 501 (Army Ct. Crim. App. 2013). The SJA should have commented on this claim of legal error in the SJAR addendum. R.C.M. 1106(d)(4).

Under the circumstances of this case, however, no relief is warranted on the basis of a legal error in the SJAR addendum. It is not foreseeable that a properly prepared SJAR addendum would have resulted in a favorable recommendation by the SJA or any corrective action by the convening authority. *See United States v. Hill*, 27 M.J. 293, 297 (C.M.A. 1988). The appellant was not prejudiced by the post-trial delay: considering the convening authority deferred appellant's automatic forfeiture of pay until action, the appellant actually benefited monetarily from the delayed processing of his case. *See Arias*, 72 M.J. at 506. Further, we do not agree that a remand to the convening authority is suitable. Appellant has already served his term of confinement with the aforementioned deferment of pay. Even if relief was warranted for clemency purposes, it is not plausible the convening authority would opt to provide meaningful relief for dilatory post-trial processing by changing the adjudged punitive discharge and reduction in rank. Nonetheless, we address the issue of timely post-trial processing to ensure the efficient administration of military justice and to protect the rights of accused soldiers.

*Dilatory Post-Trial Processing*

In his supplemental *Grostefon* matters, appellant requests relief to remedy the dilatory post-trial processing of his case. We agree. The convening authority took action 253 days after the sentence was adjudged, excluding 20 days of approved defense delay. The record in this case consists of three volumes, and the trial transcript is 151 pages. Although we find no due process violation in the post-trial

---

[2] The SJA's addendum incorrectly states, "The defense does not assert that there was legal error."

processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."); *see generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

It took 176 days to transcribe the record in this case. In a memorandum dated the day after action, the government attributes the delay to a lack of personnel and a large area of responsibility. Despite this explanation, we find relief in this case is appropriate because the delay between announcement of sentence and action could "adversely affect the public's perception of the fairness and integrity of military justice system . . . ." *Ney*, 68 M.J. at 617. We provide relief in our decretal paragraph.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, however, we affirm only so much of the sentence as extends to a dishonorable discharge, confinement for seven months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of this decision setting aside portions of the sentence are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court