# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, CELTNIEKS, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JOSEPH A. KROUPA**
**United States Army, Appellant**

ARMY 20140430

Headquarters, 1st Cavalry Division
Rebecca K. Connally, Military Judge
Lieutenant Colonel James D. Levine II, Acting Staff Judge Advocate (pretrial)
Lieutenant Colonel Alison C. Martin, Staff Judge Advocate (post-trial)

For Appellant:  Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Payum Doroodian, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major John K. Choike, JA (on brief).

29 January 2016

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of desertion terminated by apprehension, in violation of Article 85, Uniform Code of Military Justice, 10 U.S.C. § 885 [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, eight months of confinement, and reduction to the grade of E-1.  In accordance with a pretrial agreement, the convening authority approved only five months of confinement and the remainder of the adjudged sentence and credited appellant with four days against the sentence to confinement.

This case is before us pursuant to Article 66, UCMJ.  Appellate defense counsel assigns two errors, one of which merits discussion and relief.  Appellant

personally raises issues pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982), none of which merits relief.[*]

Appellant complains he suffered undue post-trial delay.  This brief, one specification, guilty-plea court-martial was held on 27 May 2014.  Despite two requests by appellant for timely post-trial processing, the seventy-six page record of trial was not authenticated until 18 November 2014, and the convening authority did not take action until 29 January 2015.  Then, most troubling, this court did not receive the record of trial for docketing until 15 April 2015, two and a half months after action.

The government concedes it cannot provide a reasonable explanation for the delay from action until the mailing of the record of trial to this court and agrees "that appellant is entitled to relief."  Therefore, we find appellant's request for "meaningful relief by setting aside [some] confinement against his sentence of confinement so that he may ultimately receive a small portion of lost pay and allowances" to be appropriate.  *See United States v. Collazo*, 53 M.J. 721 (Army Ct. Crim. App. 2000); *see also United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006) (government failure to docket record of trial with respective service Court of Criminal Appeals within thirty days of convening authority's action creates presumption of unreasonable delay).

The findings of guilty are AFFIRMED.  After considering the entire record, the court AFFIRMS only so much of the sentence as provides for a bad-conduct discharge, confinement for four months, and reduction to the grade of E-1.  All

---

[*] Matters submitted as part of appellant's clemency request, pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1105, included, *inter alia*, a memorandum signed by appellant's defense counsel.  This memorandum contains a statement that could be interpreted as raising the legal error of sentence disparity in closely related cases.  Although the Staff Judge Advocate (SJA), in her addendum to the SJA's post-trial recommendation to the convening authority, did comment on the alleged legal error of dilatory post-trial processing, she failed to respond to the allegation of sentence disparity.

To the extent appellant's R.C.M. 1105 submission raised allegations of legal error, the SJA should have responded to them.  *See* R.C.M. 1106(d)(4).  However, pursuant to *United States v. Hill*, 27 M.J. 293, 297 (C.M.A. 1988), we are "free to affirm when a defense allegation of legal error would not foreseeably have led to a favorable recommendation by the [SJA] or to corrective action by the convening authority."  We have thoroughly reviewed the issues raised in the clemency matters and, based on the record before us, we find this particular legal error raised by appellant lacks merit and would not have resulted in a favorable recommendation by the SJA or corrective action by the convening authority.

rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court