# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Chief Warrant Officer Two JAMES D. BRAGG, JR.**
**United States Army, Appellant**

ARMY 20150017

Headquarters, 82d Airborne Division (rear) (provisional)
Christopher T. Fredrikson, Military Judge (arraignment)
Deidra J. Fleming, Military Judge (trial)
Lieutenant Colonel Dean Whitford, Staff Judge Advocate (pretrial and recommendation)
Lieutenant Colonel Susan K. McConnel, Staff Judge Advocate (addendum)

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Payum Doroodian, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Cormac M. Smith, JA; Captain Cassandra M. Resposo, JA (on brief).

28 September 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, one specification each of maltreatment, sexual assault, assault consummated by a battery, indecent language, fraternization, and soliciting another to engage in prostitution in violation of Articles 93, 120, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 893, 920, 920(c) (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a dismissal and confinement for twenty months. The convening authority approved the sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises one allegation of error which merits tangential discussion and relief.[1]

---

[1] We have also reviewed the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and they are without merit.

Appellant asks this court to provide appropriate relief to remedy the dilatory post-trial processing of his case. Appellant's trial defense counsel made a demand for speedy post-trial processing in appellant's matters submitted pursuant to Rules For Courts-Martial 1105 and 1106 (Post-Trial Matters). The staff judge advocate (SJA) agreed with this allegation of legal error in her addendum and recommended a one-month reduction of the sentence to confinement as a cure. The convening authority approved the recommendation of the SJA on the same day as he signed the initial action. However, the initial action signed by the convening authority nonetheless purported to approve the full sentence as adjudged. We conclude that the convening authority intended to reduce appellant's sentence to confinement by one month and grant relief in our decretal paragraph.

## LAW AND DISCUSSION

Here, the action failed to effectuate the convening authority's clear intent. *See United States v. Hill*, 27 M.J. 293, 296 (C.M.A. 1988) (ordinarily an erroneous action requires remand to the convening authority for a new action). However, it is clear the convening authority agreed with the recommendation of the SJA and intended to reduce appellant's confinement by one month. Accordingly, we will grant the relief the SJA recommended and the convening authority approved, but was omitted in the initial action. Our resolution of this issue moots appellant's assigned error. Notably, the SJA's addendum recommended certain actions regarding forfeiture of pay and allowances. These recommendations concerning the forfeiture of pay and allowances were incorporated into the initial action. We need not speculate about "what the convening authority might have done absent a procedural error." *United States v. Washington*, 45 M.J. 497, 499 (C.A.A.F. 1999).

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. We affirm only so much of the sentence as provides for a dismissal and confinement for nineteen months. All rights, privileges, and property, of which appellant has been deprived by virtue of this decision setting aside portions of the sentence, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court